UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SEAN GAUTREAUX                                          CIVIL ACTION

VERSUS                                                 NO: 12-2851

TRINITY TRADING GROUP, LTD., *et                       SECTION: "A" (1)
al.*


## ORDER

Before the Court is a **Motion to Review and Reverse Magistrate Judge's Order Granting Defendant's Motion to Compel Re-Examination of Plaintiff by Dr. Michael Puente (Rec. Doc. 39)** filed by Plaintiff, Sean Gautreaux. Defendant, Trinity Trading Group, Ltd. ("Trinity") opposes the motion. Expedited hearing on this motion was requested on March 5, 2013 (Rec. Doc. 40) and is hereby **GRANTED**. For the reasons that follow, Plaintiff's **Motion to Review and Reverse Magistrate Judge's Order Granting Defendant's Motion to Compel Re-Examination of Plaintiff by Dr. Michael Puente (Rec. Doc. 39)** is **DENIED**.

In the instant motion (Rec. Doc. 39), Plaintiff argues that the magistrate judge's decision to permit Defendant's medical re-examination of Plaintiff was clearly erroneous and contrary to law. Plaintiff argues that Federal Rule of Civil Procedure 35 provides that "good cause" is required for Plaintiff to be compelled to submit to a medical examination and a higher showing of necessity is required for the Plaintiff to be compelled to submit to medical re-examination. Plaintiff argues that the burden was on the Defendant to show that "good cause", or something higher, was met and it failed to satisfy this burden. Defendant counters that subsequent to its initial independent medical examination ("IME"), Plaintiff presented with new complaints of increased pain. Due to these *new* complaints, Plaintiff's treating physician suggested that Plaintiff would benefit from epidural steroid

1

injections ("ESIs"). Defendant's workers' compensation utilization review facility thereafter conducted a review of the medical records and found that the recommended ESIs were not reasonable or necessary for Plaintiff's medical care. In an attempt to determine whether these injections were necessary, Defendant moved the Court to compel Plaintiff, since Plaintiff refused to voluntarily submit, to return to Dr. Michael Puente for a second independent medical examination. The magistrate judge conducted a hearing on this motion to compel and found for the Defendant, ordering Plaintiff submit to re-examination by Dr. Puente within thirty (30) days of February 20, 2013.

> Per 28 U.S.C. § 636(b)(1)(A):
>
> [A] judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is *clearly erroneous or contrary to law.*

28 U.S.C. § 636(b)(1)(A) (emphasis added).

Per Federal Rule of Civil Procedure 72(a), if a party objects to a magistrate judge's decision, the district judge in the case must consider timely objections and modify or set aside any part of the order that is *clearly erroneous or contrary to law.* "Under this standard, factual findings are reviewed for clear error, which is present when 'the reviewing court upon examination of the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Kiln Underwriting Ltd. v. Jesuit High Sch. of New Orleans*, 2008 WL 4724390, at *2 (E.D. La. Oct. 24, 2008) (quoting *Bolding v. Commissioner of Internal Revenue*, 117 F.3d 270, 273 (5th Cir.1997)). "Conclusions of law should be overturned when the magistrate 'fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" *Id.* (quoting *Carmona v. Wright*, 233 F.R.D. 270, 276 (N.D.N.Y.2006)). "For issues that

are committed by law to a judge's discretion, such as the resolution of discovery disputes, the magistrate's rulings are reviewed for abuse of discretion." *Id.*

After a review of the record, the applicable law, the magistrate judge's order, Plaintiff's objections to that order, and the opposition filed by Defendant; the Court finds the decision by Magistrate Judge Chasez was not clearly erroneous or contrary to law. The Court finds that the magistrate judge's decision was appropriate under the circumstances.

Accordingly;

**IT IS HEREBY ORDERED** that the **Motion to Review and Reverse Magistrate Judge's Order Granting Defendant's Motion to Compel Re-Examination of Plaintiff by Dr. Michael Puente (Rec. Doc. 39)** filed by Plaintiff is **DENIED**. The IME that the Court allowed Trinity to have on February 20, 2013 (Rec. Doc. 26) is to be conducted by March 22, 2013. (*See* Rec. Doc. 33).

This 11th day of March, 2013.

JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE